

U.S. Department of Justice

*United States Attorney
District of Maryland
Northern Division*

Rod J. Rosenstein
United States Attorney

Rachel Miller Yasser
Assistant United States Attorney

36 South Charles Street
· Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4922
MAIN: 410-209-4800
FAX: 410-962-0716
TTY/TDD: 410-962-4462

April 8, 2011

Joseph Murtha, Esq.
Miller, Murtha, and Psoras, LLC
Suite 200, Heaver Plaza
1301 York Road
Lutherville, Maryland 21093

Re:  United States v. David Earl Jones, Criminal No. CCB 11-0138

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **April 19, 2011**, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1.  The Defendant agrees to plead guilty to Counts One and Two of a Superseding Indictment that will charge him with two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

Elements of the Offense

2.  The elements of each offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

1

### Counts One and Two

That on or about the dates specified in the Information, in the District of Maryland:

    a.    The Defendant knowingly possessed material that contained an image of child pornography as defined in Title 18 U.S.C. 2256(8);

    b.    The image had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and/or

    c.    The image was produced using materials that had been mailed, shipped or transported using any means or facility of interstate or foreign commerce, including by computer.

### Penalties

3.    The sentence provided by statute for each of the offenses to which your client is pleading guilty is as follows: Count One: 10 years imprisonment, lifetime supervised release, and a $250,000 fine; Count Two: 10 years imprisonment, lifetime supervised release, and a $250,000 fine. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.    The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be

conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable

civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised.

## Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### Count One

a. Pursuant to U.S.S.G. § 1B1.2, the applicable guidelines section is U.S.S.G. § 2G2.1 because the stipulated conduct establishes the more serious offense of production of child pornography.

b. Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is thirty-two (32) Pursuant to U.S.S.G. § 2G2.1(a).

c. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a two (2) level increase because victims in this case were under the age of 16 years at the time of the offense.

d. Pursuant to U.S.S.G. § 2G2.1(5), there is a two (2) level increase because one of the minor victims was in the custody, care or supervisory control of the defendant.

e. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any

4

adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

The final offense level for Count One, therefore, is **thirty-three (33)**.

Count Two

a. Pursuant to § 2G2.2(a)(1) of the United States Sentencing Guidelines, the base offense level is 18.

b. Pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level is increased by 2 levels to a level 20 because the offense involved the use of a computer for the possession of the material.

c. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

The final offense level for Count Two, therefore, is **seventeen (17)**.

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there should be a no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Plea Terms Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

10. The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the following is the appropriate disposition of this case: Count One– a sentence of ten years (120 months) imprisonment, the statutory maximum, in the custody of the Bureau of Prisons, to be followed by lifetime supervised release; Count Two– a sentence of twenty-four (24) months imprisonment in the custody of the Bureau of Prisons to run consecutive to the sentence imposed for Count One, to be followed by a concurrent term of lifetime supervised release. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the count of the Indictment that this Office has agreed to dismiss at sentencing.

## Obligations of the United States Attorney's Office

12. At the time of sentencing, this Office will recommend a sentence of 120 months imprisonment and lifetime supervised release for Count One, and a consecutive sentence of 24 months imprisonment and a concurrent term of lifetime supervised release for Count Two.

## Obligations of the Defendant

13. The Defendant understands that it is a material and express condition of this plea agreement that he shall and will continue to fully and truthfully disclose to the government all information in his possession that would assist the government in identifying the individual victims depicted in the unlawfully obtained images and photographs on his computer. In this regard, the Defendant shall fully and truthfully respond to all questions put to him regarding the images and photographs by federal law enforcement authorities and other designated law enforcement officers.

## Waiver of Appeal (Rule 11(c)(1)(C)

14. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal his conviction. Both the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal a sentence of 120 months imprisonment and a term of lifetime supervised release on Count One and a consecutive sentence of 24 months imprisonment and a concurrent term of lifetime supervised release on Count Two, as well as an order of forfeiture, agreed to in this case as well as whatever fine or order of restitution that may be imposed and any issues that relate to the establishment of the advisory guidelines range. The Defendant waives any

and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency. The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

15. The Defendant may withdraw from the agreement if the Court wishes to impose a sentence in excess of 120 months on Count One (which would be an illegal sentence), and/or a consecutive sentence in excess of 24 months on Count Two. The government may withdraw if the Court wishes to impose a sentence below 120 months on Count One and/or a sentence below 24 months on Count Two and/or the sentence does not include supervised release for life. In the event that the Court rejects the plea, but neither side wishes to withdraw from the agreement, then nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision.

16. If the Defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the Defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the Defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

17. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

18. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this

Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

19. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C).

## Entire Agreement

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Rachel M. Yasser
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

__4/18/2011_____        _____
Date                         David Earl Jones

8

I am Mr. Jones' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_4/18/2011_
Date

_Joseph Murtha_
Joseph Murtha, Esquire

# ATTACHMENT A-STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

David Earl Jones ("JONES"), age 42, is a resident of Jarrettsville, Maryland and a civilian employee at the Aberdeen Proving Ground, Edgewood Arsenal.

On April 15, 2010, the Hartford County Sheriff's Office received an emergency call reporting that a man was seen looking through a window of a Maryland residence and taking pictures of a 15-year old girl who was fully undressed in her bedroom. Authorities responded to the location and, after a brief foot pursuit, the police arrested JONES. JONES, while in custody, was allowed to make a telephone call and was overheard instructing an individual to delete his Facebook account from the computer. In the call, JONES also apologized for what he had done.

A search warrant was obtained and executed on JONES' workplace as well as his residence. Computers and computer media, including compact discs and DVDs, were recovered from both locations. There were 186 videos and 650 photographs of numerous unsuspecting naked women, all in their homes and unaware that they were being filmed, contained on three of the compact discs. The tagline "Author: Jones, David E Mr. USACHPPM" appears on some of the videos. The majority of these images were also on JONES' workplace computer, which was manufactured outside the state of Maryland.

At least seven minor victims, and 1 adult female victim, have been identified from the images that JONES produced. Several additional victims cannot be identified because JONES did not film their faces. All of the identified victims attended the same school, and JONES had photographs of some of these victims, which appear to be yearbook photographs, on his computer as well. JONES returned on different dates to record his victims, sometimes over a period of several years.

One of JONES' victims was, at the time of the offense, a minor under the age of sixteen who was in the care and custody of JONES. JONES began videotaping this minor when she was approximately thirteen years old, and he continued filming her through the age of seventeen. JONES took at least 61 video images and 156 photographs of the minor victim, all of which were recovered from a compact disc in JONES' workplace. JONES would hide in closets and outside windows in order to capture the child in various states of undress. One such video is titled "CAAK(19).MPG," and captures the minor victim masturbating in the bathtub. JONES filmed this video while hiding outside the bathroom window. The image was taken in Maryland, and the compact disc containing the image, which Jones' possessed on or about April 15, 2010, was manufactured outside the state of Maryland. The victim was fourteen years old at the time that JONES produced the video.

1

Another one of the images recovered from JONES' computer media on or about April 15, 2010, was a video of a 16-year old girl masturbating who, in 2008, filed a police report notifying authorities that she saw a flash outside of her bedroom window and believed that she was being filmed. This video of child pornography is titled "Cher(10).AVI," and was recovered from a compact disc discovered at JONES' workplace. The compact disc was manufactured outside the state of Maryland.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_4/19/2011_
Date

_[signature]_
David Earl Jones

_4/19/2011_
Date

_[signature]_
Joseph Murtha, Esq.

2